IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:06-CR-00013-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| MARCUS FRESHOUR, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Appointment of Counsel and Emergency COVID-19 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 93). For the reasons explained below, the Court will deny Defendant's motion without prejudice.

## I. BACKGROUND

In 2008, Defendant pled guilty to conspiracy to possess with intent to distribute methamphetamine, conspiracy to manufacture and possess with intent to distribute methamphetamine, and using and carrying a firearm during and in relation to a drug trafficking crime. (Doc. No. 70). He was sentenced to 270 months plus four years of supervised release, which was later reduced to 228 months pursuant to the Sentencing Commission's retroactive Amendment 782. (Doc. Nos. 70, 92).

Defendant is a 49-year-old male confined at FMC Butner, an administrative security federal medical center. His projected release date is October 28, 2021. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims his medical conditions—gallbladder complications, obesity, and high blood pressure—put him at a

1

heightened risk of death from complications of a COVID-19 infection. Before BOP facilities at Butner were placed on lockdown to prevent the spread of the virus, Defendant claims he was scheduled for surgery to have his gallstones removed. The surgery has now been postponed due to COVID-19 precautions at Butner. Defendant requests compassionate release, in part, "so his gallstone issue can be properly addressed." (Doc. No. 93). He attaches a request for compassionate release made to the warden dated June 1, 2020.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the

agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019)). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). While he attaches a request to the warden for compassionate release, his request is dated June 1, 2020. He filed this motion for compassionate release on June 9, 2020, only eight days after making his request to the warden. Thus, Defendant has not exhausted his administrative remedies as required under the statute because 30 days have not lapsed since he submitted a request to the warden, and he has not exhausted any appeal of a denial by the BOP to bring a motion on his behalf.

Perhaps acknowledging that he has not exhausted his administrative remedies, Defendant requests that the Court waive the administrative exhaustion requirement in light of the COVID-19 pandemic and various practices used by Butner staff to evaluate compassionate release motions. Defendant states that staff at Butner have made inconsistent statements regarding the requirements for home confinement. In support, Defendant submits multiple letters issued by Butner's warden regarding home confinement, which were likely issued in response to the Attorney General's directive after the passage of the Coronavirus Aid, Relief, and Economic Securities (CARES) Act.[1]

---

[1] In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat. 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed

3

Upon review of the letters submitted by Defendant, it appears that they list various criteria that candidates for home confinement must meet. The BOP has exclusive authority to determine a defendant's place of imprisonment, and the BOP's placement decisions are "not reviewable by any court." *See* 18 U.S.C. § 3621(b); *see also* 18 U.S.C. § 3624(c) (providing the BOP with discretionary authority to place certain prisoners in home confinement but stating that "nothing in [§ 3624(c)] shall be construed to limit or restrict the authority of the [BOP Director] under section 3621"); *United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (stating that the district court lacks authority to govern designation of prisoners under Section 3624(c)(2)); *United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *6 (E.D.N.C. Apr. 22, 2020). Accordingly, the Court has no role in determining what criteria the BOP should have for candidates for home confinement and these letters are insufficient to show that the exhaustion requirement under 18 U.S.C. § 3582(c) should be waived.

Defendant also contends that the BOP is verbally rejecting requests for compassionate release, "which does not allow the inmate to pursue an appropriate Administrative Remedy," and that the amount of time it would take to exhaust his administrative remedies makes exhaustion futile. Defendant, however, never alleges that *his* motion for compassionate release was verbally rejected. Moreover, given that Defendant has not provided any evidence beyond mere self-assertions that he suffers from certain medical conditions, the Court finds that Defendant has not met his burden to show that exhaustion would be futile. Without medical records substantiating Defendant's claim, the Court is unable to tell whether any "catastrophic health consequences" make exhaustion

---

in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of BOP making that finding and directing the immediate processing of suitable candidates for home confinement.

4

futile or whether he would be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP. *See United States v. Fractioion*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"); *see also United States v. Albertson*, No. 1:16-cr-00250-TWP-MJD, 2020 WL 1815853, at *2 (S.D. Ind. Apr. 8, 2020) ("The Court will not grant compassionate release on medical grounds without documentation . . . ."); *United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (denying motion for compassionate release, in part, because inmate failed to provide medical records to substantiate medical claims). Thus, the Court will deny Defendant's motion for compassionate release without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

### III. APPOINTMENT OF COUNSEL

Defendant also moves for appointment of counsel to assist him with his compassionate release motion. (Doc. No. 93, at 4). There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic, including his chronic health conditions that allegedly place him at greater risk of

5

complications if he contracts the virus. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel, and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. Accordingly, the Court will deny the motion to the extent Defendant seeks appointment of counsel.[2]

## IV. CONSTITUTIONAL CHALLENGES

Finally, Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3583(c). *See Unites States v. Butler*, No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom*, No, 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United States v. Rodriguez-Collazo*, No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann*, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D.

---

[2] A number of courts have denied a motion for appointment of counsel as moot where the motion for compassionate release is denied due to the inmate's failure to exhaust his administrative remedies. *See, e.g.*, *United States v. Tutt*, No. 6:17-CR-040-CHB-1, 2020 WL 2573462, at *2 (E.D. Ku. May 21, 2020); *United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, -- F. Supp. 3d --, 2020 WL 2521273, at *9 (E.D. Tenn. May 13, 2020); *United States v. Woolum*, No. 5:84-CR-21-TBR, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020).

Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

To the extent that Defendant wishes to raise a claim that prison officials' deliberate indifference to his medical needs has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[3]

## V. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Appointment of Counsel and Emergency COVID-19 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 93), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 1, 2020

Kenneth D. Bell
United States District Judge

---

[3] Defendant is confined at Butner, which is located in the Eastern District of North Carolina.